IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PLACON CORPORATION,

                Plaintiff,                OPINION & ORDER

v.

                                                             14-cv-587-jdp

SABERT CORPORATION,

                Defendant.

---

      This case began with a cease and desist letter from defendant Sabert Corporation to plaintiff Placon Corporation. The letter accused Placon of selling a food container that infringed Sabert's design patent on a "combined square bowl and lid," and it pointedly threatened litigation in New Jersey. Placon did not respond to the letter, choosing instead to file a case in this court seeking a declaratory judgment of non-infringement and invalidity. Sabert did not want to lose its chosen forum, so a few days later it filed its own case in the United States District Court for the District of New Jersey, seeking damages for Placon's infringement. The dispute has thus split into two mirror-image cases in different courts, but the matter should claim the attention of only one judge.

      Sabert contends that Placon's complaint was an illegitimate anticipatory filing, and it moves for dismissal of this case. Dkt. 4. In the alternative, Sabert asks the court to transfer this case to the District of New Jersey, where, presumably, it would be dismissed or consolidated with Sabert's action. Placon opposes Sabert's motion because it would like to litigate the matter here in Wisconsin. Placon's filing is anticipatory, in the sense that Placon filed in this forum in the face of Sabert's threat of litigation somewhere else. But Sabert cannot definitively reserve its preferred forum by threatening litigation. The court will deny Sabert's motion because Sabert has not demonstrated that, in consideration of all the pertinent factors, the convenience of the

parties and witnesses and the interest of justice make New Jersey the superior forum. The court will invite the judge presiding over the New Jersey case to dismiss that case, or to transfer it to this court for consolidation.

ALLEGATIONS OF FACT

The court draws the following facts from Placon's complaint, and from the materials that the parties submitted in connection with Sabert's motion. The court accepts the allegations in the complaint as true unless controverted by evidence, and, for purposes of resolving Sabert's motion, resolves all factual disputes in Placon's favor. *Eragen Biosciences, Inc. v. Nucleic Acids Licensing, LLC*, 447 F. Supp. 2d 930, 933-34 (W.D. Wis. 2006).

Placon is a Wisconsin corporation that designs and manufactures plastic packaging for the food, retail, and medical device industries. Placon sells its food packaging products across the country. One of its products is a 12-ounce plastic bowl with an accompanying lid, part of Placon's Fresh 'n Clear brand line. Among other customers, Placon sells its products to Quick Chek Food Stores, Inc., a chain of convenience stores located in New Jersey and southern New York. Sabert is a New Jersey corporation that designs, manufactures, and distributes containers for packaging, displaying, serving, and storing food products. At issue in this case is Sabert's U.S. Patent D527,956 (the '956 patent), which claims an ornamental design for a combined square bowl and lid.

On August 15, 2014, Sabert's counsel sent a cease and desist letter to Placon. The letter asserted that one of Placon's food containers copied Sabert's product and infringed its patented design, and that Sabert believed that Placon had sold the infringing container to Quick Chek. Sabert included a draft complaint, and warned that it would file the complaint in the District of New Jersey and seek both declaratory relief and damages unless Placon stopped selling the

infringing container. Sabert gave Placon until August 25, 2014, to respond in writing. Placon did not respond, at least not in the way Sabert anticipated. Instead, on August 22, 2014, Placon filed suit in this court for a declaratory judgment of non-infringement and invalidity. Not quite two weeks later, Sabert filed its proposed complaint in the District of New Jersey.

Sabert has moved to dismiss this case, or, in the alternative, for transfer to the District of New Jersey. The court has subject matter jurisdiction under 28 U.S.C. § 1338 because Placon seeks a declaration of non-infringement and invalidity of, the '956 patent, a matter that arises exclusively under federal law.

## ANALYSIS

Sabert seeks dismissal of this case on the ground that Placon's filing in this court was an illegitimate anticipatory filing, which overrides the general preference for maintaining the first-filed of two cases addressing the same issues. Sabert contends that there are additional reasons favoring the District of New Jersey, and that transfer is appropriate if outright dismissal is not.

District courts rely on Federal Circuit precedent "with respect to issues of substantive patent law and also with respect to certain procedural issues pertaining to patent law [but] apply the law of the regional circuits on non-patent issues." *Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1016 (Fed. Cir. 2006). Federal Circuit law therefore governs the issue of whether Placon's suit is an anticipatory filing, and if so, whether that fact overrides the preference for earlier-filed suits. But Seventh Circuit law guides the transfer analysis (*i.e.*, whether the convenience factors and the interest of justice render another forum clearly more convenient than this one). Sabert did not expressly invoke 28 U.S.C. § 1404 in its motion. Dkt. 4. But the consideration of the first-to-file preference turns on the same convenience factors and inquiry into the interest of justice that are involved in analyzing a motion to transfer. *Micron*

3

*Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008). Thus, the court evaluates Sabert's overall request for dismissal or transfer as it would a motion under § 1404.

Both parties focus on the "first-to-file rule" and the counter-principle that a declaratory judgment action is sometimes an "anticipatory" filing that should yield to the second-filed action seeking coercive relief. But these considerations are not hard-and-fast rules. An anticipatory filing does not automatically require dismissal or transfer; it is merely a factor in the transfer analysis. *Elecs. for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed. Cir. 2005) ("While it is true that a district court may consider whether a party intended to preempt another's infringement suit when ruling on the dismissal of a declaratory action . . . we have endorsed that as merely one factor in the analysis."). Regardless of whether Placon's suit was anticipatory, Sabert can secure dismissal or transfer only by showing that the convenience factors and the interest of justice provide a "sound reason that would make it unjust or inefficient to continue the first-filed action." *Id.* at 1347 (internal citations and quotation marks omitted); *see also Mullinix Packages, Inc. v. Anchor Packaging, Inc.*, No. 13-cv-316, 2014 WL 856371, at *4 (N.D. Ind. Mar. 5, 2014) ("The analysis starts with the largely dispositive convenience and interests of justice factors, and since they do not provide a 'sound reason' for transfer, this relegates the first-filed rule to an ancillary consideration."). In this case, the convenience factors and the interest of justice inquiry are more significant than the anticipatory nature of Placon's suit.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] A district court has discretion to transfer a case, but "must

---

[1] The parties agree that the threshold requirements for transfer are satisfied; venue was proper in this district and the case could have been brought in the District of New Jersey. Dkt. 5, at 9 n.2.

consider the statutory factors in light of all the circumstances of the case." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986). As the party seeking transfer, Sabert bears the burden of establishing that these considerations render New Jersey the "clearly more convenient" forum. *Id.* at 220. The convenience factors and the interest of justice inquiry make up separate aspects of the transfer analysis. Here, neither aspect warrants transfer.

**A. Convenience**

Sabert cannot show that the convenience of the parties and witnesses weighs in favor of transfer. "With respect to the convenience evaluation, courts generally consider the availability of and access to witnesses, and each party's access to and distance from resources in each forum. . . . Other related factors include the location of material events and the relative ease of access to sources of proof." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Sabert contends that most of these factors are neutral, but Placon suggests that they actually tip in favor of keeping the case in Wisconsin. Sabert also asserts that Quick Chek's role in this case will make New Jersey more convenient than Wisconsin.

The two proposed forums are the parties' home states, and so regardless of where this case is tried, one party will have to litigate away from home. But "[w]here the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Id.* Therefore, Sabert is not entitled to transfer simply because litigating in Wisconsin may cause hardships for the company—Placon will face nearly identical hardships if the case goes forward in New Jersey. Neither forum presents unique distance-related difficulties for the visiting party, so this factor is neutral.

The material events and the relevant evidence are spread between Wisconsin and New Jersey. In the context of patent disputes, the "material events" factor will vary based on the specifics of each case. But generally, "the bulk of the relevant evidence usually comes from the

5

accused infringer." *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *see also Mullinix Packages, Inc.*, 2014 WL 856371, at *5.[2] Here, the alleged infringer is Placon, and in this case, the forum in which Placon designed the allegedly infringing product appears to be more convenient than the forum in which some of its sales occurred. According to supporting declarations, Placon conducts nearly all of its business in and from Wisconsin. Dkt. 9, ¶¶ 2-4. The company designs, manufactures, and ships its products from a Fitchburg office, and so there will be relevant documents and witnesses located in this district. Sabert responds that its own documents and witnesses are in New Jersey. Neither party's argument is overwhelmingly persuasive as "[b]oth the Seventh Circuit and this court have held that modern technology renders the location of documents and other sources of proof only minimally important in the transfer analysis." *Wis. Alumni Research Found. v. MedImmune, LLC*, No. 14-cv-165, 2014 WL 6389583, at *3 (W.D. Wis. Nov. 14, 2014) (citing *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000)). Likewise, "[t]he location of the parties' employee witnesses is also not a heavily weighted factor because such witnesses [are] within the control of the party calling them," and will appear voluntarily. *Simmons Bedding Co. v. Leggett & Platt, Inc.*, No. 11-cv-232, 2012 WL 11909449, at *12 (W.D. Wis. Mar. 27, 2012) (internal citations and quotation marks omitted). In light of Placon's status as the alleged infringer, however, these factors weigh slightly in favor of keeping the case in Wisconsin.

The principal grounds for Sabert's motion have little to do with the parties' evidence and witnesses. Instead, most of Sabert's arguments in support of transfer stem from its belief that

---

[2] Sabert cites three district court decisions for the proposition that "the material events of a patent infringement case do not revolve around any particular situs." Dkt. 16, at 5 (quoting *Lewis v. Grote Indus., Inc.*, 841 F. Supp. 2d 1049, 1053 (N.D. Ill. 2012)). Federal Circuit precedent suggests otherwise, although the inquiry is fact specific. Sabert has not directed the court to any specific facts in this case that would warrant departing from the general principle that the infringer tends to have the most significant evidence.

Quick Chek, a New Jersey company, will play a large role in this dispute. Sabert's cease and desist letter identified Quick Chek as a Placon customer who purchased the allegedly infringing product. Dkt. 7-2, at 2. Sabert also sent a separate cease and desist letter directly to Quick Chek (although it did so only after Placon filed this suit). Although there is no action currently pending against Quick Chek, Sabert advises the court that it plans to file a complaint, or amend its current New Jersey pleadings to include Quick Chek, once this court resolves the pending motion. Dkt. 16, at 6.

Sabert contends that Quick Chek will have information relevant to this case, and emphasizes that "the existence of [third party] witnesses is frequently an important consideration in transfer motion analysis." *Milwaukee Elec. Tool Corp. v. Black & Decker (N.A.), Inc.*, 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005). Because Quick Chek employees would not be within the subpoena power of this court—but would be within the reach of the New Jersey court—Sabert asserts that transfer is necessary. This argument is not persuasive for several reasons. First, Sabert can compel Quick Chek's employees to attend depositions, Fed. R. Civ. P. 45, and Sabert does not explain why deposition testimony would be insufficient in this case. *See Semiconductor Energy Lab. Co. v. Samsung Elecs. Co.*, No. 09-cv-001, 2009 WL 1615528, at *4 (W.D. Wis. June 9, 2009) ("Although defendants may prefer the in-court testimony of [their] witnesses, they fail to provide reasons why they cannot obtain deposition testimony in this patent suit, when in patent actions, depositions are customary and are satisfactory as a substitute for technical issues.") (internal citations and quotation marks omitted).

Second, it is not clear what information Sabert needs to elicit from Quick Chek, beyond confirming the number of allegedly infringing units that Quick Chek purchased. Sabert suggests, without going into any detail, that Quick Chek "is likely to have additional relevant information, *e.g.,* on the issue of willfulness at a minimum." Dkt. 16, at 7. The court will not

7

give much consideration to such a vague assertion that Quick Chek has evidence of Placon's willfulness. Quick Chek, as a New Jersey company, was a convenient target for Sabert's investigation. But beyond asserting that Quick Chek is a "large customer of Placon's," *id.* at 6, Sabert offers no reason for why Quick Chek is more significant to this case than any other of Placon's customers.

Finally, an affidavit from Quick Chek's corporate counsel appears to moot at least some of Sabert's complaints regarding witnesses that are beyond the subpoena power of this court. Quick Chek has "agreed to reasonably cooperate with Placon to defend this case," and is even willing to consent to transferring any future case that Sabert files against it to the Western District of Wisconsin. Dkt. 10, ¶¶ 3-4. Sabert points out that these assurances do not absolutely guarantee that Quick Chek employees will appear at trial in Wisconsin. But Quick Chek's cooperation minimizes concerns about the inconvenience of involving those out-of-state witnesses in this case.

On balance, the convenience factors do not weigh in favor of transfer. Sabert cannot simply shift the inconvenience of litigating in a distant forum to Placon. The parties' documentary and testimonial evidence is portable, although Wisconsin may be a more appropriate forum in this case because Placon is the alleged infringer. Trying this case in New Jersey would allow Sabert to compel Quick Chek witnesses to testify at trial, but most of Sabert's arguments for including Quick Chek appear to be manufactured reasons to support Sabert's choice of forum. Combined, these considerations leave Sabert unable to show that New Jersey is "clearly more convenient."

**B. Interest of justice**

Sabert also cannot demonstrate that a transfer would serve the interest of justice. "The 'interest of justice' is a separate component of a § 1404(a) transfer analysis . . . and may be

determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220. The factors that are relevant to this inquiry include "docket congestion and likely speed to trial in the transferor and potential transferee forums . . . each court's relative familiarity with the relevant law . . . the respective desirability of resolving controversies in each locale . . . and the relationship of each community to the controversy." *Research Automation, Inc.*, 626 F.3d at 978.

Sabert contends that the interest of justice favors New Jersey because Quick Chek could be joined as a party there. Consolidation of related litigation would be relevant to the interest of justice inquiry, which "relates to the efficient administration of the court system." *Id.* Consolidation saves time, energy, and money, and can therefore provide a compelling reason for transfer. *See, e.g.*, *Encyclopaedia Britannica, Inc. v. Magellan Navigation, Inc.*, 512 F. Supp. 2d 1169, 1176 (W.D. Wis. 2007). But Placon identifies several reasons why consolidation—or, more appropriately, *possible* consolidation—does not justify a transfer in this case. The obvious reason is that right now, there is no case against Quick Chek with which to consolidate. And should Sabert initiate litigation against Quick Chek, Quick Chek has consented to suit in Wisconsin. Dkt. 10, ¶ 4 ("If Quick Chek is sued by Sabert in New Jersey for infringement of U.S. Patent No. D527,956, Quick Chek will not object to transferring the case to the Western District of Wisconsin."). In other words, even if consolidation is in the interest of justice, it appears to be possible in this district.

Sabert suggests that the District of New Jersey is particularly well suited for a patent case because it has "a well-developed set of Patent Local Rules, reflecting its expertise in this area of the law and its efficient management of cases alleging patent infringement." Dkt. 10, at 5. Both this court and the District of New Jersey are capable patent courts, but this court has history of

9

deciding cases quicker.[3] This court generally "does not encourage litigants to choose this forum because of its speed and although this court makes no promises regarding quick resolution, the fact remains that this is a relatively speedy federal court, particularly with regard to patent lawsuits." *Sunbeam Prods., Inc. v. Homedics, Inc.*, 587 F. Supp. 2d 1055, 1058 (W.D. Wis. 2008). Placon is correct that a quick resolution is "particularly important in a patent infringement action where rights are time sensitive and delay can often erode the value of the patent monopoly." *Milwaukee Elec. Tool Corp.*, 392 F. Supp. 2d at 1065 (internal citations and quotation marks omitted). Thus, although either forum could resolve this dispute, the interest of justice favors keeping this case in Wisconsin.

ORDER

IT IS ORDERED that defendant Sabert Corporation's motion to dismiss or transfer, Dkt. 4, is DENIED.

Entered January 23, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[3] Caseload statistics provided by the Administrative Office of the U.S. Courts indicate that the median time to trial in the District of New Jersey is 36.8 months. The median time to trial in this court is 15.2 months. *See Federal Judicial Caseload Statistics 2014*, United States Courts, http://www.uscourts.gov/Statistics/FederalJudicialCaseloadStatistics/caseload-statistics-2014.aspx (last visited January 23, 2015).